UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAHUM COPADO NIETO,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. C16-1654JLR<br><br>ORDER DENYING MOTIONS TO REDUCE SENTENCE |
| NAHUM COPADO NIETO,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. C16-1898JLR |

## I. INTRODUCTION

Before the court are petitioner Nahum Copado Nieto's motion to vacate, set aside,

ORDER- 1

or correct his sentence pursuant to 28 U.S.C. § 2255 (1st Mot. (C16-1654JLR, Dkt. # 1)) and his motion for a reduction of sentence (2d Mot. (C16-1898JLR, Dkt. # 1)). The court has considered Mr. Nieto's motions, Defendant United States of America's ("the Government") response (Resp. (C16-1654JLR, Dkt. # 6)), the balance of the record, and the applicable law. Considering itself fully advised,[1] the court DENIES both of Mr. Nieto's motions.

## II. BACKGROUND & ANALYSIS

On October 17, 2008, Mr. Nieto pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), b(1)(A), 846. *See United States v. Copado-Nieto*, No. CR08-0144JLR (W.D. Wash.), Dkt. ## 68-70. The parties agreed that the United States Sentencing Guidelines set the base offense level at 38 and directed a two-level upward adjustment for Mr. Nieto's role as an organizer or manager. *Id.*, Dkt. # 70 ¶ 8(a)-(b). The plea agreement also stipulated that Mr. Nieto's leadership role made him ineligible for a safety valve adjustment. *Id.* ¶ 8(c). The court sentenced Mr. Nieto to 216 months of imprisonment. *Id.*, Dkt. # 137 at 2. This sentence was shorter than the guideline recommendation of 292 months to 365 months, which the court

//

//

//

---

[1] Neither Mr. Nieto nor the Government requested oral argument, and the court determines that oral argument would not aid its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4). In addition, the court finds an evidentiary hearing unnecessary because "the motion and the files and records of the case conclusively show that [Mr. Nieto] is entitled to no relief." 28 U.S.C. § 2255(b).

calculated based on Mr. Nieto's total offense level of 37 and criminal history category IV.[2] *See id.*, Dkt. # 187 at 2.

Mr. Nieto has since lost two challenges to his sentence. He appealed his sentence to the Ninth Circuit, which affirmed this court and found that Mr. Nieto raised "no arguable grounds for relief on direct appeal." *Copado-Nieto*, No. CR08-0144JLR, Dkt. # 170 at 2. Mr. Nieto also moved this court for a reduction of his sentence, *id.*, Dkt. # 181, and the court denied that motion on September 11, 2015, *id.*, Dkt. # 187. The court explained that it could not reduce Mr. Nieto's sentence pursuant to 18 U.S.C. § 3582(c)(2) because his sentence was "already well below the applicable sentencing range." *Id.*, Dkt. # 187 at 3 (citing USSG § 1B1.10(b)(2)).

Mr. Nieto again moves to reduce his sentence.[3] In his first motion, he makes the following arguments: (1) Amendment 794 to the Unites States Sentencing Guidelines applies retroactively and the court must reassess his role and, therefore, reduce his sentence (1st Mot. at 4-7); (2) counsel was ineffective for failing to challenge his role enhancement at sentencing (*id.* at 8-9); and (3) counsel was ineffective for failing to challenge the sufficiency of the evidence (*id.* at 10-11). Mr. Nieto's second motion more

//

//

---

[2] The presentence report recommended a total offense level of 39 and criminal history category IV, which would have rendered a guidelines range of 360 months to life, but the court declined to issue the full four-level role-based upward adjustment.

[3] The court previously denied Mr. Nieto's motion to appoint counsel, which he filed in conjunction with his first motion. (11/10/16 Order (C16-1654JLR, Dkt. # 7).)

ORDER- 3

broadly argues that Mr. Nieto is entitled to a sentence reduction, either because of Amendment 794 or based on other sentencing guidelines.[4] (*See* 2d Mot.)

Mr. Nieto's first argument, which he reiterates in his second motion, is untimely and improperly presented in a Section 2255 motion. Section 2255(f) applies a one-year statute of limitations to motions under Section 2255. 28 U.S.C. § 2255(f). The statute of limitations begins running on the latest of four events: (1) the date the judgment of conviction becomes final; (2) the date any government-created impediment to making a motion is removed; (3) the date the right is newly recognized by the Supreme Court, if the right applies retroactively; and (4) the date on which the fact or facts could have been discovered through due diligence. *Id.* Although his motion is not a model of clarity, Mr. Nieto appears to contend that his motion is timely based on Section 2255(f)(3) because it is a newly recognized and retroactively applicable right. (*See* 1st Mot. at 5-6; *see also* 2d Mot. at 6-8.) However, Amendment 794 is not a Supreme Court decision.[5] Section

---

[4] Mr. Nieto filed the second motion as a new action. (*See generally* 2d Mot.) Because the second motion appears to seek the same relief on the same grounds as the first motion, the court ordered Mr. Nieto to show cause why it should not combine the actions. (*See* OSC (C16-1898JLR, Dkt. # 4).) Mr. Nieto's response to that order is unclear and principally provides substantive arguments in support of his motions. (OSC Resp. (C16-1898JLR, Dkt. # 5).) The response was therefore equivocal regarding combining the cases, and the court declined to combine the cases out of fairness to Mr. Nieto.
   The second motion could also be considered a second or successive Section 2255 petition, which requires the Ninth Circuit to certify the motion before Mr. Nieto may proceed. *See* 28 U.S.C. § 2255(h). However, because the second motion raises substantively identical arguments to Mr. Nieto's first motion, the court considers it as a component of Mr. Nieto's first motion or a reply to the Government's response to his first motion. Accordingly, the court addresses both "motions" herein.

[5] Furthermore, contrary to Mr. Nieto's argument, *United States v. Quintero-Leyva* makes Amendment 794 retroactive only on direct appeals. 823 F.3d 519, 524 (9th Cir. 2016). The

2255(f)(3) therefore does not apply, *see* 28 U.S.C. § 2255(f)(3), and Mr. Nieto's motion is untimely. Moreover, Mr. Nieto's contention that the court improperly calculated his sentence is a non-constitutional sentencing adjustment claim and therefore not cognizable under Section 2255. *See Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) ("Although collateral review under [S]ection 2255 is thus quite broad, it does not encompass all claimed errors in . . . sentencing. . . . If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." (first alteration in original) (internal citations and quotations omitted)); *see also United States v. Schlesinger*, 49 F.3d 483, 484-85 (9th Cir. 1994) (discussing the limited circumstances in which a non-constitutional sentencing error can be raised under Section 2255). Accordingly, the court rejects the first ground raised in Mr. Nieto's first motion and the only ground raised in his second motion.

The second and third arguments in Mr. Nieto's first motion lack merit because in his plea agreement, Mr. Nieto agreed to a two-level upward adjustment based on his role and admitted to the facts underlying his offense. *Copado-Nieto*, No. CR08-0144JLR, Dkt. # 70 ¶¶ 7, 8(b). Counsel's performance was neither objectively deficient nor prejudicial because Mr. Nieto conceded those points in the plea agreement. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth the standard for

---

Ninth Circuit ruled against Mr. Nieto on April 15, 2010, and issued its mandate on May 7, 2010. *See Copado-Nieto*, No. CR08-0144JLR, Dkt. ## 170, 172.

ORDER- 5

ineffective assistance of counsel). Accordingly, the court also rejects those grounds for relief.

Having rejected the three grounds for relief that Mr. Nieto raises, the court denies his motions. Because Mr. Nieto has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability.

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Nieto's motions for a reduction of sentence (C16-1654JLR, Dkt. # 1; C16-1898JLR, Dkt. # 1) and declines to issue a certificate of appealability.

Dated this 11th day of April, 2017.

JAMES L. ROBART
United States District Judge